UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

DAN GIANNOPOULOS,

                                        Plaintiff,                    Docket No.

        - against -                                                   JURY TRIAL DEMANDED

PREMIUM SOURCE INC.

                                        Defendant.

## COMPLAINT

        Plaintiff Dan Giannopoulos ("Giannopoulos" or "Plaintiff") by and through his

undersigned counsel, as and for his Complaint against Defendant Premium Source Inc.

("Premium Source" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

        1.        This is an action for copyright infringement under Section 501 of the Copyright

Act. This action arises out of Defendant's unauthorized reproduction and public display of

copyrighted photographs of drug baggies owned and registered by Giannopoulos, a professional

photographer. Accordingly, Giannopoulos seeks monetary relief under the Copyright Act of the

United States, as amended, 17 U.S.C. § 101 *et seq.*

## JURISDICTION AND VENUE

        2.        This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court

has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

        3.        This Court has personal jurisdiction over Defendant because Defendant transacts

business in Colorado.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Giannopoulos is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 117 The Habitat, Woodpack Lane, Nottingham, England NG1 1GJ United Kingdom.

6.      Upon information and belief, Premium Source is a domestic business corporation duly organized and existing under the laws of the State of Colorado, with a place of business at 7101 La Vista Place, Longmont, Colorado 80503. Upon information and belief, Premium Source is registered with the Colorado Department of Corporations to do business in Colorado. At all times material, hereto, Premium Source has owned and operated a website at the URL: www.TheRooster.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photographs**

7.      Giannopoulos photographed drug baggies (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8.      Giannopoulos is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10.     The Photographs were registered with the United States Copyright Office and were given registration number VA 2-171-471.

**B.      Defendant's Infringing Activities**

11.     Premium Source ran an article on the Website entitled *This guy amassed the largest collection of artistic drug baggies on Earth.* See:

http://www.therooster.com/blog/guy-has-amassed-largest-collection-artistic-drug-baggies-earth.

The article featured the Photographs. Screenshot of the Photographs on the Website are attached hereto as Exhibit B.

12.     Premium Source did not license the Photographs from Plaintiff for its article, nor did Premium Source have Plaintiff's permission or consent to publish the Photographs on its Website.

13. Giannopoulos did not actually discover the infringement until December 22, 2016.

14. Giannopoulos contacted Defendant via email on December 22, 2016 to notify them that they used his Photographs without permission and demanded payment. See Exhibit C.

15. On January 12, 2017, Giannopoulos contacted Defendant again via e-mail with a revised invoice with late fees since Defendant did not pay the demand in the original December 22, 2016 e-mail. See Exhibit D.

16. On January 16, 2017, Defendant retained counsel and stated the invoice will not be paid. See Exhibit E.

16. On January 23, 2017, Giannopoulos contacted Defendant again via e-mail to demand payment. See Exhibit F.

17. On January 30, 2017, Giannopoulos contacted Defendant again via e-mail to demand payment. See Exhibit G.

18. Giannopoulos does not have a general duty to police the internet for infringements.

19. There were no "storm warning" at any relevant times that triggered Plaintiff's duty to look for Defendant's infringement.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST PREMIUM SOURCE)**
**(17 U.S.C. §§ 106, 501)**

20.   Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21.   Premium Source infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Premium Source is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

22.   The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

23.   Upon information and belief, the foregoing acts of infringement by Premium Source have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

24.   As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

25   Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

26.   Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1.      That Defendant Premium Source be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2.      Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs;

3.      That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4.      That Plaintiff be awarded punitive damages for copyright infringement;

5.      That Plaintiff be awarded attorney's fees and costs;

6.      That Plaintiff be awarded pre-judgment interest; and

7.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
        December 20, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
     Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York
Tel: 516-233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Dan Giannopoulos*