IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03615-WJM-STV

DAN GIANNOPOULOS, an individual,

    Plaintiff,

v.

PREMIUM SOURCE INC., a Colorado corporation

    Defendants.

**DEFENDANT PREMIUM SOURCE INC.'S ANSWER TO THE COMPLAINT**

Defendant Premium Source Inc. ("Premium Source"), by and through its undersigned counsel, answers Plaintiff Dan Giannopoulos's ("Plaintiff") Complaint as follows:

**NATURE OF THE ACTION**

1. Plaintiff's statement regarding the nature of the action is not a factual allegation requiring a response. To the extent the statement may be read as requiring a response, Premium Source states that it is without sufficient knowledge or information or admit or deny the allegations regarding Plaintiff's basis for filing this action.

**JURISDICTION AND VENUE**

2. Premium Source admits that this Court has subject matter jurisdiction over claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*

3. Premium Source admits that it transacts business in Colorado.

1

4.      Premium Source admits venue is proper.

## PARTIES

5.      Premium Source is without sufficient knowledge or information to admit or deny the truth of the allegations in Paragraph 5 of the Complaint.

6.      Premium Source admits that it is a domestic business corporation duly organized and existing under the laws of the State of Colorado. Premium Source is a registered corporation in good standing with the Colorado Secretary of State with a principal address of 7101 LaVista Place #200, Niwot, Colorado 80503. Premium Source admits that it owns www.therooster.com.

## STATEMENT OF FACTS

### A.    Background and Plaintiff's Ownership of the Photographs

7.      Premium Source is without sufficient knowledge or information to admit or deny the truth of the allegations in Paragraphs 7 through 10 of the Complaint.

### B.    Defendant's Allegedly Infringing Activities

8.      Premium Source admits that Rooster Magazine ran an article titled "This guy amassed the largest collection of artistic drug baggies on Earth" on or about October 25, 2016 on www.therooster.com. The link provided by Plaintiff is defunct. Premium Source is without sufficient information or knowledge to confirm that Exhibit B to the Complaint is a true and correct copy of the article run on October 25, 2016, however Premium Source will provide a true and correct copy of said article in its initial disclosures.

9. In response to the allegations in Paragraph 12 of the Complaint, Premium Source states that the employee responsible for posting the article on www.therooster.com is no longer employed by Rooster and Premium Source is currently without sufficient knowledge or information to determine what communications she may have had with Plaintiff. Premium Source admits that it received an email demand on December 22, 2016 from Plaintiff. Plaintiff admits it did not pay the $4,152.00 demand titled "invoice" it received from Plaintiff as an attachment to the December 22, 2016 email. Ex. 1 to Answer. Plaintiff's demand included $865.00 for "images used" and a "fine for unauthorized usage of images" of $2,595.00. Ex. 1 to Answer. All allegations in Paragraph 12 of the Complaint not expressly admitted are denied.

10. In response to the allegations contained in Paragraph 13 of the Complaint, Premium Source states that it is without sufficient information or knowledge to determine the exact date upon which Plaintiff discovered the alleged infringement.

11. In response to the allegations in Paragraph 14 of the Complaint, Premium Source admits that Plaintiff emailed demanding payment on December 22, 2016. All allegations in Paragraph 14 of the Complaint not expressly admitted are denied.

12. In response to the allegations in Paragraph 15 of the Complaint, Premium Source admits that Plaintiff emailed a second "invoice" totaling $4,752.00, including a new $500.00 demand for "late payment," on January 12, 2017. Ex. 2 to Answer. Premium Source admits that it did not pay the amount demanded on December 22, 2016. All allegations in Paragraph 15 of the Complaint not expressly admitted are denied.

13. In response to the allegations in the first Paragraph 16 of the Complaint, Premium Source admits that Howard O. Bernstein emailed Plaintiff on January 16, 2016 on Premium Source's behalf and stated the "invoices" would not be paid citing the fair use doctrine. All allegations in Paragraph 16 of the Complaint not expressly admitted are denied.

14. Premium Source admits the allegations in the second Paragraph 16 of the Complaint that Plaintiff emailed on January 23, 2017 to demand payment.

15. Premium Source admits the allegations in Paragraph 17 of the Complaint that Plaintiff emailed on January 30, 2017. The January 30, 2017 email included a new "invoice" dated January 30, 2016 demanding payment in the total amount of $5,352.00. Ex. 3 to Answer.

16. The statement contained in Paragraph 18 of the Complaint is a conclusion of law and does not require a response from Premium Source.

17. Premium Source is without information or knowledge sufficient to admit or deny the allegation in Paragraph 19 of the Complaint that there were no "storm warnings" at any relevant times triggering Plaintiff's duty to look for possible infringement.

## CLAIM FOR RELIEF
### (COPYRIGHT INFRINGEMENT AGAINST PREMIUM)
**(17 U.S.C. §§ 106, 501)**

18. Defendant incorporates by reference its responses to Paragraphs 1-19 of the Complaint.

19.     Paragraphs 21-26 of the Complaint assert legal conclusions which do not require a response. To the extent it is necessary to respond to any part of Paragraphs 21-26 of the Complaint, Premium Source denies all allegations therein.

*Premium Source denies any and all allegations not expressly admitted above.*

## PRAYER FOR RELIEF

20.     Premium Source denies that Plaintiff is entitled to the relief requested in the Complaint or to any other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.     The Complaint fails to make a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2.     Plaintiff's claim is based on an article published on October 25, 2016. The Complaint was not filed until December 20, 2019 and is time barred by the three-year statute of limitations in 17 U.S.C. § 507(b).

### THIRD AFFIRMATIVE DEFENSE
### (Fair Use)

3.     The alleged use of any copyrighted works was fair use under 17 U.S.C. § 107.

### FOURTH AFFIRMATIVE DEFENSE
### (Laches)

5

4. Plaintiff failed to file a claim or notify Premium Source of the alleged infringement within a reasonable period of time and such unreasonable delay has resulted in prejudice to Premium Source.

### FIFTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

5. Plaintiff's claim herein is barred by the doctrine of equitable estoppel as Plaintiff misrepresented the amounts potentially owed by Premium Source for use of photographs, including demands for an "unauthorized use fee" of three times the requested licensing fee and late fees which had no contract basis. Equitable estoppel further applies as Plaintiff's emails used clearly coercive language and stated that the National Union of Journalists legal team represented him to try and extract those exorbitant fees from Premium Source without a legal basis. Premium Source relied on Plaintiff's misrepresentations to its detriment.

### RESERVATION OF RIGHTS

Premium Source reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

Dated this 12th day of June 2020.

RESPECTFULLY SUBMITTED BY:

HOWARD O. BERNSTEIN, P.C.

*s/ Howard O. Bernstein, Esq.*
Howard O. Bernstein, Atty. No. 24476
Amber J. Reed, Atty. No. 39265
Elise M. Aiken, Atty. No. 43831
1111 Pearl Street, Ste. 203

6

Boulder, Colorado 80302
Telephone: (303) 494-3321
Howard@bernsteinattorney.com
Amber@bernsteinattorney.com
Elise@bernsteinattorney.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that as attorney Richard Liebowitz is currently unable to practice before the U.S. District Court for the District of Colorado and therefore it is not clear whether he can be served electronically, a copy of the foregoing **DEFENDANT PREMIUM SOURCE INC.'S ANSWER TO THE COMPLAINT** was sent via U.S.P.S. First Class Mail to the following on this 12th day of June 2020:

Attorney for Plaintiff:

Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580

/s/ Tonya Phillips

8