IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03615-WJM-STV

Dan Giannopoulos

     Plaintiff(s),

v.

Premium Source Inc

     Defendant(s).

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference was held on August 10, 2020 at 4:44PM. Plaintiff Dan Giannopoulos was represented by Craig B. Sanders of BARSHAY SANDERS, PLLC, 100 Garden City Plaza, Suite 500, Garden City, New York 11530, Telephone (516) 203-7600. Defendant Premium Source Inc was represented by Elise Aiken of Howard O. Bernstein, P.C.,1111 Pearl Street, Suite 203, Boulder, Colorado 80302 Telephone (303) 494-3321.

**2. STATEMENT OF JURISDICTION**

This action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**3. STATEMENT OF CLAIMS AND DEFENSES**

    a.    Plaintiffs: This action arises out of Defendant's unauthorized reproduction and public display of copyrighted photographs owned and registered by Dan Giannopoulos, a professional photographer. Defendant Premium Source Inc published an article on its website entitled This guy amassed the largest collection of artistic drug baggies on Earth." at URL http://www.therooster.com/blog/guy-has-amassed-largest-collection-artistic-drug-baggies-earth which featured Plaintiff's Photographs. Defendant Premium Source did not license the Photographs from Plaintiff for its article, nor did it

have Plaintiff's permission or consent to publish the Photograph on its Website. Plaintiff alleges that the infringement was willful, i.e., in reckless disregard of Plaintiff's rights. Plaintiff seeks statutory damages in an amount to be determined at trial, plus attorneys' fees and costs.

    b.  Defendants: Defendant admits that an article titled "This guy amassed the largest collection of artistic drug baggies on Earth" was published on www.therooster.com on or about October 25, 2016. However, Defendant maintains that the article did not infringe on Plaintiff's copyright. Any photographs appearing in the article fall under the fair use doctrine pursuant to 17 U.S.C. § 107. Defendant also maintains that Plaintiff's claim is time barred as it was brought beyond the three-year statute of limitations provided in 17 U.S.C. § 507(b). Further, Plaintiff's claim should be barred by equitable estoppel as Plaintiff attempted to extort an "unauthorized use fee" from Defendant of three times the requested licensing fee and demanded late fees with no contractual basis.

### 4.  UNDISPUTED FACTS

The following facts are undisputed:  None at this time

### 5.  COMPUTATION OF DAMAGES

Plaintiff seeks statutory damages in an amount to be determined at trial, plus attorneys' fees and costs.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  The Rule 26(f) conference was held on August 18, 2020 at 4:45PM.

b.  Plaintiff Dan Giannopoulos was represented by Craig B. Sanders of BARSHAY SANDERS, PLLC. Defendant Premium Source Inc was represented by Elise Aiken of HOWARD O. BERNSTEIN, P.C.

c.  The parties have agreed to exchange Rule 26(a)(1) disclosures by September 2, 2020.

d.  The parties have not changed the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)

e.  The parties have not made any agreements to conduct informal discovery. However, counsel continue to explore these issues:

f.  The parties have agreed to exchange electronic copies of documents, and to

  use a unified exhibit numbering system for deposition exhibits.

 g. The parties anticipate that the claims and defenses will not involve a significant amount of ESI. Counsel for Defendant state that their respective clients have taken steps to preserve reasonably accessible electronically stored information likely to be relevant to the pending claims and defenses. The parties have agreed that (a) they will produce all documents on a mobile media (e.g., CD-ROM, DVD or flash drive), or through a link for direct download; (b) documents maintained by the parties in a searchable format will be produced in a searchable format; (c) Excel spreadsheets and other documents will be produced in a native format; and (d) the parties will confer and agree on a protocol for the production of all electronic documents, with appropriate load files and metadata fields as the parties may reasonably request. If information cannot be reproduced, or cannot be reasonably read by the opposing party, the parties will provide reasonable access to an appropriate computer system loaded with the information or make other reasonable accommodations. The parties further agree to comply in good faith with their obligations under D.C.COLO.L.CivR 7.1A, and to address claims of privilege or of protection as trial-preparation materials after production of computer-generated records in accordance with Rule 26 (b)(5).

 h. Counsel have had preliminary discussions regarding settlement.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

 a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: None

 b. Limitations which any party proposes on the length of depositions: seven hours in a single day.

 c. Limitations which any party proposes on the number of requests for production and/or requests for admission: Requests for production and requests for admission shall be limited to 25 per party.

 d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: January 9, 2021.

 e. Other Planning or Discovery Orders: None

## 9.  CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:  September 30, 2020.

b.  Fact Discovery Cut-off:  February 8, 2021

c.  Dispositive Motion Deadline: May 8, 2021.

d.  Expert Witness Disclosure

  1.  Expert Witness Identification:

  Plaintiff: does not anticipate an expert witness at this time but reserves the right to identify one prior should it determine otherwise.

  Defendant:

  2.  Limitations which the parties propose on the use or number of expert witnesses: No party may offer more than three retained expert witnesses, absent a showing of good cause.

  3.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:  March 8, 2021

  4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 8, 2021.

e.  Identification of Persons to Be Deposed:

  Plaintiff: anticipates deposing a 30(b)(6) representative of the Defendant and any person identified in Defendant's Initial Disclosures

  Defendant: Anticipates deposing Plaintiff, persons identified in Plaintiff's initial Disclosures, and any expert witness designated by Plaintiff.

## 10.  DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

  _____.

b.  A final pretrial conference will be held in this case on _____at o'clock ____m. A

Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: none

b.  Anticipated length of trial and whether trial is to the court or jury: Trial to a jury with an anticipated length of 2-3 days.

c.  No pretrial proceedings may be more efficiently or economically conducted in District Court's facilities outside of Denver.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 19th day of August, 20 20.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| **BARSHAY SANDERS, PLLC** | **HOWARD O. BERNSTEIN, P.C.** |
|---|---|
| By:*/s Craig B. Sanders*<br>Craig B. Sanders, Esq.<br>100 Garden City Plaza, Suite 500<br>Garden City, New York 11530<br>Tel: (516) 203-7600<br>Fax: (516) 706-5055<br>*Attorneys for Plaintiff* | By: /s Elise Aiken<br>Elise Aiken, Esq.<br>1111 Pearl Street, Suite 203<br>Boulder, Colorado 80302<br>Tel: (303) 494-3321<br>*Attorneys for Defendant* |